278 So.2d 759

**Daniel SMITH**

v.

**STATE.**

**6 Div. 499.**

Court of Criminal Appeals of Alabama.

May 29, 1973.

elements of first degree murder, save only the physical stroke of killing. California in restoring the death penalty by initiative referendum, has prescribed extreme extinction in the gas chamber for, inter alia, perjury resulting in the execution of an innocent person.

Tommy Sanders, at Smith's original trial, testified he saw the deceased first pull out a knife before Smith went for his hand gun. At the main trial Deputy District Attorney [now Judge] De Carlo elicited from Sanders that he had testified to a different order of presenting arms before the grand jury. Sanders stated at the coram nobis hearing, that his change of testimony came from his conscience.

At first blush, Sanders' recantation would seem to call into question the very indictment on which Smith was prosecuted. However, we must bear in mind that—unlike legendary Judge Ramkat—an indictment is not "half a conviction." Indeed, an indictment casts not a single pebble of guilt in the scale against a criminal defendant. Rather, it is only the device which allows the State the opportunity to convince (or not) a petty jury beyond a reasonable doubt of the asserted guilt.

Secondly, the trial jury had the confrontation between Sanders at trial and Sanders at grand jury. The trial jury either thought other evidence outweighed a truthful Sanders or that the truthful Sanders was the witness before the grand jury.

There is no more emphatic principle of post conviction review—whether coram nobis or other action—than that a matter fully litigated at the original trial is, absent some vitiating factor unknown to the defendant—not relitigable in a post conviction proceeding. ABA Standards for Criminal Justice Relating to Post Conviction Remedies, § 6.1.

Helpful to us, the trial judge at coram nobis made his judgment in the

---

No brief for appellant.

No brief for appellee.

CATES, Presiding Judge.

This is an appeal from the denial of the writ of error coram nobis. The object was to set aside a second degree murder conviction carrying a ten year prison sentence—another serenade to the Saturday night special.

We reviewed the original conviction in Smith v. State, 47 Ala.App. 513, 257 So.2d 372.

Here there is a question raised that came under Smith's claim that he was convicted by use of perjured testimony. Perjury is a reprehensible crime. When its object is to send a man to the gallows or the "hot seat," perjury partakes of all the statutory

**312**

form of a decree. Pertinently, this order was premised in part on the following findings:

" * * * Tommy Sanders, who had been a witness at the original trial of this case, testified on this hearing that he had been offered as a witness for the defense and that he testified on the trial that he saw deceased's knife before he saw the petitioner's gun and that Mr. De Carlo, on cross-examination asked him and he did not testify before the Grand Jury that he saw the gun before the knife. He testified that he admitted this discrepancy to Mr. De Carlo. He testified on this hearing that when he testified before the Grand Jury he had leaned toward the deceased because they had grown up together, but that on the trial of the case, his conscience made him tell the truth and that he was not asked for an explanation of why he changed his testimony."

\*   \*   \*   \*   \*   \*

" * * * The Court finds that the petitioner's contention that evidence of his self-defense was not fairly developed at his trial is an incorrect statement of the facts but that his attorney capably and fairly presented the evidence, but that the jury simply did not take petitioner's version of how the killing took place.

"The Court finds that no perjured testimony was used against the petitioner."

We consider that the judgment below is due to be

Affirmed.

ALMON and TYSON, JJ., concur.

HARRIS, J., concurs in result.

De CARLO, J., recuses self.